## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    No. CR 21-223-MV

RUBEN BUSTILLOS-PACHECO

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Ruben Bustillos-Pacheco's Opposed Motion for Sentence Reduction Under Guideline Amendment 821. Doc. 95. The government filed a Response [Doc. 97] and Mr. Bustillos-Pacheco filed a Reply [Doc. 98]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be granted.

### BACKGROUND

On February 22, 2018, this Court sentenced Mr. Bustillos-Pacheco to 70 months in custody and three years of supervised release for his conviction of Possession with Intent to Distribute Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Case No. 15-CR-4528-MV. Following his sentencing, Mr. Bustillos-Pacheco was incarcerated at the Federal Correctional Institution Phoenix. Presentence Investigation Report ("PSR") ¶ 12. Mr. Bustillos-Pacheco had no incident reports while in BOP custody, and he eventually applied—and was accepted for—placement at Diersen Charities Residential Reentry Center in Albuquerque. *Id.* Before entering Diersen, Mr. Bustillos-Pacheco signed forms acknowledging that he would remain

in the United States Attorney General's custody until his official release date on February 2, 2021, at which point his term of supervised release would commence.  PSR ¶ 11.  The forms Mr. Bustillos-Pacheco signed noted that if he left Diersen without permission, "he could be prosecuted as an escapee."  *Id.*

On September 9, 2020, Mr. Bustillos-Pacheco entered Diersen, where he remained for over four months.  *Id.* ¶ 13.  However, on January 20, 2021—less than two weeks before his formal release from custody of the United States Attorney General—Mr. Bustillos-Pacheco left Diersen without permission.  *Id.*  A warrant was subsequently issued for his arrest.  *Id.*

On January 29, 2021, the USMS Southwest Investigative Fugitive Team (SWIFT) located Mr. Bustillos-Pacheco in northwest Albuquerque at a Quick Shine Express carwash, where they found him vacuuming a car registered to his mother.  *Id.* ¶ 14.  Upon locating Mr. Bustillos-Pacheco, SWIFT members "converged on him" with firearms drawn.  *Id.*  Mr. Bustillos-Pacheco momentarily placed his arms in the air before taking off on foot. *Id.*

Officers restrained Mr. Bustillos-Pacheco "before he could retrieve anything."  *Id.*  Mr. Bustillos-Pacheco then momentarily placed his hands in the air before appearing to take off on foot.  *Id.*  Three officers ran after Mr. Bustillos-Pacheco.  *Id.*  One of the officers sought to use a "bear hug" hold to restrain Mr. Bustillos-Pacheco, and a "physical scuffle" ensued, after which four officers brought Mr. Bustillos-Pacheco to the ground.  *Id.*  Ten additional officers arrived at the scene in the subsequent minute.  *Id.*

Following the arrest, officers observed a black handgun "in plain view" on the backseat floorboard (behind the center console) of the car Mr. Bustillos-Pacheco had been cleaning.  *Id.* ¶ 15.  Law enforcement identified the firearm as a semiautomatic 9mm Glock, model 26 with a "drum" magazine.  *Id.*  The drum contained 27 rounds of ammunition, though it could hold up to

2

50 rounds.  *Id.*  However, there were no rounds in the chamber of the handgun.  *Id.*  According to the PSR, "[a] standard records check through law enforcement databases revealed the handgun to be stolen."  *Id.*  A February 1, 2021 DEA test fire resulted in a determination that the firearm "functioned as designed" and that it was made in Austria.  *Id.* ¶ 17.

Law enforcement inventoried the car and located 37.7 gross grams of alleged suboxone (in strip form) and alleged drug paraphernalia, including glass pipes, butane lighters, and spoons.  *Id.* ¶ 16.  However, the alleged suboxone was neither tested nor confirmed as suboxone or a controlled substance.  *Id.*

On March 9, 2021, Mr. Bustillos-Pacheco was charged in an Indictment with Escaping from Custody in violation of 18 U.S.C. § 751(a) and with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 17. He pled guilty to Count 2 of the Indictment, Felon in Possession of a Firearm and Ammunition, on January 7, 2022. Doc. 32. Mr. Bustillos-Pacheco was initially scheduled for sentencing on this matter on October 18, 2022. At the hearing, the Court postponed his sentencing and sent him to participate in the Delancey Street Foundation's two-year inpatient program to address his substance abuse disorder. Doc. 79. However, when Mr. Bustillos-Pacheco arrived at Delancey Street on October 19, 2022, Delancey Street staff discovered that he had a syringe and methamphetamine in his pocket. Doc. 82. He was thus rejected from the program. *Id.* Mr. Bustillos-Pacheco then messaged United States Probation Officer Daniel Stewart and stated that he had found suboxone and methamphetamine in his vehicle and accidentally brought them to Delancey Street. *Id.* Probation instructed Mr. Bustillos-Pacheco to report to the United States Courthouse in Santa Fe, New Mexico at 2:30 p.m. that same day, but he failed to report. *Id.* An emergency warrant then issued. *Id.*

Mr. Bustillos-Pacheco was eventually arrested on November 7, 2022.  Doc. 88.  According

to an Addendum from Probation, a criminal complaint from the Bernalillo County Sherriff's Office

documents the following details:

> [Mr. Bustillos-Pacheco] was positively identified at an apartment complex, and
> when law enforcement personnel attempted to detain him, he fled on foot across a
> busy street. As he was running, he entered a residential property where a chained
> dog bit him several times, but the chase continued. He ultimately tripped and fell,
> but he kept his left hand concealed under his body, which gave the appearance he
> was possibly reaching for a weapon. He was eventually handcuffed, and during a
> search of his person, he was found to be in possession of 738 fentanyl pills, an
> amount consistent with trafficking rather than personal use. He was also in
> possession of small amounts of methamphetamine and suboxone. Notably, he made
> multiple attempts to kick the law enforcement officers after being taken into
> custody, and he also attempted to grind several displaced fentanyl pills into the
> ground.

Doc. 90 at 1.

Following his arrest, Mr. Bustillos-Pacheco appeared before the Court on January 4, 2023

for sentencing Doc. 92. Mr. Bustillos–Pacheco had a base offense level of 25 and a criminal history

score of five, resulting in a Criminal History Category of III. PSR ¶ 39. Therefore, the applicable

guideline range under the Guidelines was 70–87 months in custody. At the time, pursuant to

U.S.S.G. § 4A1.1(d), in determining the criminal history score, the Guidelines applied two

criminal history points, commonly referred to as "status points," if the defendant had committed

the instant offense while under any criminal justice sentence. However, under Amendment 821,

which went into effect on November 1, 2023, the Sentencing Commission altered the "status

points" provision, which now states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a)
> through (d), and (2) committed the instant offense while under any criminal justice
> sentence, including probation, parole, supervised release, imprisonment, work
> release, or escape status.

U.S.S.G. § 4A1.1(e). The Sentencing Commission made this amendment retroactive. U.S.S.G. §

1B1.10(d). Under §4A1.1(e), Mr. Bustillos-Pacheco no longer meets the criteria for "status

points." As a result, he has a criminal history score of three, placing him in Criminal History Category II. With a total offense level of 25 and Criminal History Category of II, the amended Guideline range is now 63 to 78 months.

## DISCUSSION

18 U.S.C. § 3582(c) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retractive Guideline amendments are a valid statutory reason to modify a sentence). When considering a retroactive Guidelines amendment, the Court must first determine the defendant's eligibility and then apply the Section 3553(a) factors to determine whether the reduction is warranted. *See United States v. Hald,* 8 F.4th 932, 944 (10th Cir. 2021); *United States v. Battle,* 706 F.3d 1313, 1317 (10th Cir. 2013). Unless the defendant earlier received a below-Guideline sentence based on substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended Guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Here, all parties agree that Mr. Bustillos-Pacheco is eligible for a reduction, as his amended Guidelines range is now 63–78 months. Thus, the only question for the Court to consider is whether a reduction is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). Ultimately the Court finds that a reduction to 63 months is appropriate.

## I.     Nature and Circumstances of the Offense

Under 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense. As noted above, Mr. Bustillos-Pacheco escaped from Diersen Charities Residential Reentry Center and then possessed a firearm despite knowing that he was a convicted felon, and

thus a prohibited person. The Court notes several troubling aspects of the offense, specifically that the firearm was stolen and that the firearm was used in conjunction with another felony offense, namely his escape from the custody of the United States Attorney General. However, it should be noted that the Guidelines already account for these facts, as enhancements were incorporated into the calculation pursuant to U.S.S.G. § 2K2.1(b)(4)(A) and U.S.S.G. § 2K2.1(b)(6)(B). Furthermore, the Court's previous sentence was based on a Guidelines range that, by the Sentencing Commission's own analysis, incorrectly reflected Mr. Bustillos-Pacheco's likelihood for recidivism. *See* 2023 Amendments in Brief, United States Sentencing Commission (over the last five years, status points were applied in 38% of cases—moving 62% of such offenders into a higher criminal history category, yet status points only minimally improved the successful prediction of rearrest by .2%) Accordingly, a sentence at the low-end of the recalculated range still accounts for the serious nature of the offense through base offense level enhancements, and merely reflects the Commission's recognition of the failure of status points to meaningfully indicate an offender's risk for recidivism.

## II.      History and Characteristics of Mr. Bustillos-Pacheco

In determining whether a reduction is warranted, the Court also considers the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Mr. Bustillos-Pacheco is 29 years old and is a lifelong resident of Albuquerque, New Mexico. Growing up, his father was regularly incarcerated, sold drugs, and struggled with addiction to drugs and alcohol. Records indicate that in the first six years of Mr. Bustillos-Pacheco's life, his father faced multiple criminal charges, including for Driving Under the Influence (on six occasions) and aggravated assault and battery. By 2011, it appears that Mr. Bustillos-Pacheco had not had contact with his father in several years. His father regularly traveled between the United States and Mexico, and in 2013, he was deported

to Mexico. During the periods that his father was gone from the family, Mr. Bustillos-Pacheco's mother would work anywhere from one to three jobs to support her four children. When his father was around, he would physically and emotionally abuse his mother.

During his childhood, Mr. Bustillos-Pacheco was exposed to an inordinate amount of violence. He witnessed his father abuse his mother on numerous occasions. While the PSR indicates that Mr. Bustillos-Pacheco's father did not abuse him, a 2017 evaluation reports that his father once threw a phone at him and that he "recalls [his] father hitting him on a couple occasions." In the sixth grade, he began to affiliate with gang members and was frequently exposed to gang violence. He reported that he witnessed friends die due to gang violence.

With respect to his mental health, during the PSR interview, he indicated a history of depression, anxiety, sleep challenges, and Post-Traumatic Stress Disorder. Other records also note a diagnosis for Conduct Disorder, Oppositional Defiant Disorder, as well as a history of anger issues, nightmares, hypervigilance, intrusive memories, and nearly daily flashbacks. In fact, a psychiatric evaluation from 2017 revealed a history consistent with substance-induced disorders and diagnoses for antisocial personality traits, Post-Traumatic Stress Disorder, and Adjustment Disorder with Mixed Anxiety and Depressed Mood. The evaluation noted that the Post-Traumatic Stress Disorder was rooted in exposure to violence during his childhood—including at home— and recommended treatment with a psychotherapist. BOP records, however, do not indicate that Mr. Bustillos-Pacheco received any such treatment while in custody on his prior federal charges.

Mr. Bustillos-Pacheco has an extended history of substance abuse and has admitted to using drugs as a means of self-medication. Between the ages of 12 and 16, he began using cocaine, marijuana, heroin, methamphetamine, and opiates. Accordingly, Mr. Bustillos-Pacheco has multiple diagnoses for substance-related issues, including Unspecified Onset of Cannabis Abuse

in a Controlled Environment, Alcohol Disorder, Opioid Disorder, and Stimulant Use Disorder (Cocaine) Severe.  In 2008, Mr. Bustillos-Pacheco participated in substance treatment through Desert Hills of New Mexico's outpatient program, but he stopped participating after the program recommended that he shift to inpatient treatment.  In 2010, he reentered the outpatient treatment program and participated successfully for about seven months.  Mr. Bustillos-Pacheco has indicated that he also participated in substance abuse programming at the Santa Fe County Adult Detention Facility.  He completed a drug education course in January 2019 while in BOP custody and participated in BOP's Nonresidential Drug Abuse Treatment program but did not engage in the Residential Drug Abuse Program.

Following his release from BOP custody in September 2020, Mr. Bustillos-Pacheco began using methamphetamine and fentanyl on a daily basis.  In addition, he consistently used heroin. Mr. Bustillos-Pacheco reported that he had been using drugs "the entire time" he was out of custody after leaving Diersen.

Noting Mr. Bustillos-Pacheco's serious mental health challenges and substance abuse disorders and the relationship between these and his criminal activity, the Court initially postponed sentencing to give Mr. Bustillos-Pacheco an opportunity to participate in the Delancey Street Foundation's two-year inpatient program. As described above, however, Mr. Bustillos-Pacheco left the program and did not report back to the United States District Court in Santa Fe, as instructed by probation. When arrested, he was found with methamphetamine and suboxone, indicating that he was still actively using.  He also had over 700 fentanyl pills, an amount consistent with trafficking. It appears that Mr. Bustillos-Pacheco still struggles with his addiction, as BOP records indicate that on April 27, 2023, he was disciplined for using drugs or alcohol, resulting in

one day of disciplinary segregation. However, the records do not indicate what substance Mr. Bustillos-Pacheco was using.

Nevertheless, Mr. Bustillos-Pacheco's ongoing mental health and addiction struggles do not cut against a reduction in his sentence and in fact militate in favor of it. This Court, recognizing the role that substance abuse challenges played in Mr. Bustillos-Pacheco's criminal behavior, found that this warranted a sentence at the low end of the Guidelines, *as calculated at the time.* Mr. Bustillos-Pacheco's continuing addictions reaffirm this Court's finding that his substance abuse was a major contributor to his criminal behavior. It is also notable that Mr. Bustillos-Pachecos has made efforts at improving himself, as he has participated in several educational courses, including an anger management program, a job application program, and a finance/small business program. Accordingly, a low-end Guideline sentence is still warranted. *See United States v. Fleming,* 845 F. Supp. 2d 470, 475 (N.D.N.Y. 2012) (reducing sentence of defendant who was previously sentenced to high end of previous Guidelines range to the high end of the amended range).

### III.    A reduced sentences satisfies the factors in 18 U.S.C. § 3553(a)(2).

Under 18 U.S.C. § 3553(a)(2), the Court must consider the need for the sentence imposed

A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B) to afford adequate deterrence to criminal conduct;

C) to protect the public from further crimes of the defendant; and

D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The court has carefully considered these factors and finds that a sentence of 63 months is appropriate. As noted above, the 63-month sentence appropriately reflects the seriousness of the offense, as the Guidelines account for the fact that Mr. Bustillos-Pacheco had a stolen firearm and escaped from custody. With respect to deterrence and community protection, Mr. Bustillos-Pacheco has a moderate criminal history, and a sentence within the updated Guidelines range appropriately reflects his risk for recidivism. Lastly, a reduced sentence ensures that Mr. Bustillos-Pacheco can participate in RDAP sooner and thus receive the treatment and counseling he requires.

## IV. A reduction in Mr. Bustillos-Pacheco's sentence would reduce disparities between Mr. Bustillos-Pacheco and other similarly situated offenders.

A sentencing reduction is also warranted to reduce disparity between Mr. Bustillos-Pacheco's sentence and that of other similarly situated offenders. 18 U.S.C. § 3553(a)(6) (courts should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). According to the United States Sentencing Commission, from 2018 to 2022, the average sentence for all § 922(g) offenders was 63 months. *See* QuickFacts, 18 U.S.C. § 922(g) Firearms Offenses, United States Sentencing Commission; Thus, a reduction would bring Mr. Bustillos-Pacheco's sentence in line with the average person convicted of a § 922(g) charge.

## CONCLUSION

Mr. Bustillos-Pacheco was previously sentenced by this Court to 70 months, the low end of a Guidelines range of 70–87 months. Following amendments to the calculation of "status points" in determining a defendant's criminal history score, Mr. Bustillos-Pacheco's amended range is

now 63–78 months. Addressing the factors listed in 18 U.S.C. § 3553(a), the Court finds that a reduction to 63 months is warranted.

**IT IS THEREFORE ORDERED THAT** Mr. Bustillos-Pacheco's Opposed Motion for Sentence Reduction Under Guideline Amendment 821 [Doc. 95] is GRANTED and his sentence is reduced to 63 months.

ENTERED this 2nd day of May 2024.

_____
THE HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE